1  **KAZEROUNI LAW GROUP, APC**
   David J. McGlothlin, Esq. (SBN: 253265)
2  david@kazlg.com
   Mona Amini, Esq. (SBN: 296829)
3  mona@kazlg.com
   Gustavo Ponce, Esq. (SBN: 343430)
4  gustavo@kazlg.com
   245 Fischer Avenue, Unit D1
5  Costa Mesa, California 92626
   Telephone: (800) 400-6808
6  Facsimile:  (800) 520-5523

7  **LAW OFFICE OF ABEL L. PIERRE, P.C.**
   Abel L. Pierre, Esq. (*Pro Hac Vice Forthcoming*)
8  abel@apierrelaw.com
   140 Broadway, 46th Floor
9  New York, New York 10005
   Telephone: (212) 766-3323
10 Facsimile:  (212) 766-3322

11 *Attorneys for Plaintiff,*
   *Sharion Turner*

12

13                    **UNITED STATES DISTRICT COURT**

14                   **CENTRAL DISTRICT OF CALIFORNIA**

15

16 | **SHARION TURNER and ANANSA TURNER,** | Case No.: |
|---|---|
| Plaintiffs, | **COMPLAINT FOR VIOLATIONS OF:** |
| vs. | **1. THE FAIR DEBT COLLECTION PRACTICES ACT (FDCPA). 15 U.S.C. §§ 1692, ET SEQ** |
| **FIDELITY CAPITAL HOLDINGS, INC. d/b/a FIDELITY INFORMATION CORPORATION,** | |
| Defendant. | **JURY TRIAL DEMANDED** |

28 ///

# INTRODUCTION

1. The United States Congress has found abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors, and has determined that abusive debt collection practices contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy. Congress wrote the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692, et seq. (the "FDCPA") to eliminate abusive debt collection practices by debt collectors, to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses.

2. Plaintiffs SHARION TURNER and ANANSA TURNER ("Plaintiffs"), through Plaintiffs' attorneys, brings this action to challenge the actions of Defendant FIDELITY CAPITAL HOLDINGS, INC. d/b/a FIDELITY INFORMATION CORPORATION ("Defendant"), with regard to Defendant's attempts to unlawfully and abusively collect a debt from Plaintiff, when the alleged debt was not owed by Plaintiffs, and this conduct caused Plaintiffs damages.

3. Plaintiffs make these allegations on information and belief, with the exception of those allegations that pertain to a plaintiff, or to a plaintiff's counsel, which Plaintiffs allege on personal knowledge.

4. While many violations are described below with specificity, this Complaint alleges violations of the statute cited in its entirety.

5. Unless otherwise indicated, the use of Defendant's name in this Complaint includes all agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, vendors, and insurers of the named Defendant.

- 2 -
COMPLAINT

6. Any violations by Defendant were knowing, willful, and intentional, and Defendant did not maintain procedures reasonably adapted to avoid any such violation.

7. All violations alleged regarding the Fair Debt Collection Practices Act are material violations as these violations would limit the ability of a hypothetical least sophisticated debtor to make an intelligent choice as to the alleged debt and actions that should be taken to resolve the alleged debt.

## JURISDICTION AND VENUE

8. Jurisdiction of this Court arises pursuant to 28 U.S.C. § 1331 and 15 U.S.C. § 1692(k) as this action arises out of Defendant's violations of a federal statute, the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692, et seq. (FDCPA).

9. Because Defendant conducts business within the State of California, personal jurisdiction is established.

10. Venue is proper in the United States District Court, Central District of California pursuant to 28 U.S.C. § 1391 for the following reasons: (i) Defendant is deemed to reside in any judicial district where its principal place of business is located, and Defendant's principal place of business is within the Central District of California; and (ii) the conduct and harm complained of herein occurred within this judicial district;

## PARTIES

11. Plaintiff Sharion Turner is a natural person who resides in Laurel, Maryland, from whom Defendant sought to collect a consumer debt which was due and owing or alleged to be due and owing from Plaintiff.  In addition, Plaintiff Sharion Turner is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3).

12. Plaintiff Anansa Turner is a natural person who resides in Savannah, Georgia, from whom Defendant sought to collect a consumer debt which was due and owing or alleged to be due and owing from Plaintiff.  In addition, Plaintiff

|   |   |
|---|---|
| 1, 2 | Anansa Turner is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3). |
| 3–8 | 13. Defendant is, and at all times mentioned herein was, a corporation registered and formed under the laws of the State of California with a primary place of business and/or headquarters located in Pacific Palisades, California and/or Burbank, California. Plaintiffs further allege, at all times relevant herein, Defendant conducted business in the State of California and within this judicial district. |
| 9–15 | 14. Defendant, in the ordinary course of business, uses any instrumentality of interstate commerce or the mails in any business the principal purpose is which is the collection of any debts, or who regularly collect or attempts to collect, directly or indirectly, debts owed or due or alleged to be owed or due another and is therefore a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6). At all times relevant herein, Defendant conducted business in the State of California and within this judicial district. |
| 16–19 | 15. This case involves money, property or their equivalent, due or owing or alleged to be due or owing from a natural person by reason of a consumer credit transaction. As such, this action arises out of a "debt" as that term is defined by 15 U.S.C. § 1692a(5). |

## FACTUAL ALLEGATIONS

16. Plaintiffs are informed and believes, and thereon allege, that at all times relevant, Defendant conducted business in the State of California.

17. Sometime in early 2022, Plaintiff Sharion Turner discussed potentially purchasing property from her then landlord, Vinay Gulati ("Mr. Gulati").

18. However, after some discussion, it became clear to Plaintiff Sharion Turner that she and Mr. Gulati would not be able to come to a mutually agreeable purchase price for the property, and Plaintiff Sharion Turner ultimately moved out of the property.

19. Plaintiff Sharion Turner did not owe Mr. Gulati any unpaid rent at the time she moved out of the property.

20. Plaintiff Anansa Turner was not a part of Plaintiff Sharion Turner's discussions with Mr. Gulati regarding potential purchase the subject property.

21. Plaintiff Anansa Turner never resided at the property and was never a party to any agreement related to the subject property.

22. Plaintiffs never agreed to purchase the property from Mr. Gulati.

23. Plaintiffs never entered any implied or written contract with Mr. Gulati for the purchase of the property.

24. Plaintiffs never entered into any agreement with Mr. Gulati that would make Plaintiffs indebted to him for $99,908.00, or any other unpaid amount related to the property.

25. Plaintiff Sharion Turner did not owe Mr. Gulati any amount after she moved out of the property.

26. Upon information and belief, sometime prior to July 12, 2022, Mr. Gulati, either directly or indirectly, assigned or otherwise transferred the alleged debt to Defendant for collection.

27. Upon information and belief, sometime prior to February 2, 2023, Defendant furnished information to various credit reporting agencies related to the alleged debt, and represented that an alleged debt was in collections and "PLACED FOR COLLECTION" on Plaintiffs' credit reports ("the Account").

28. The Account was reported on Plaintiffs' credit reports as a balance of $99,908.00 past due, with an original creditor of "Vinay Gulati."

29. Plaintiff Sharion Turner disputed the Account with the credit reporting agencies and ultimately the Account was successfully removed from her credit reports.

30. The alleged financial obligations regarding the Account were money, property, or their equivalent, which was due or owing, or alleged to be due or owing,

from a natural person to another person and were therefore a "debt" as that term is defined by 15 U.S.C. § 1692a(5).

31. Defendant reported, or caused to be reported, inaccurate information and derogatory information on Plaintiffs' credit reports, including but not limited to the representation that the account belonged to Plaintiffs and was "past due" and "in collections."

32. The above-referenced credit reporting by Defendant was a "communication" as defined under 15 U.S.C. § 1692a(2), as Defendant had conveyed information regarding an alleged debt directly, or indirectly, to a person.

33. Defendant's credit reporting related to the Account and the alleged debt constituted a communication in connection with the collection of an alleged debt, on an Account that was not actually owed by Plaintiffs and Defendant was not allowed to report as owed or attempt to collect on.

34. The purpose of Defendant's reporting of the Account and alleged debt to the credit bureaus was to pursue collection of the Account and coerce payment from Plaintiffs, disregarding that Defendant was not permitted to do so due to the fact that the debt did not arise from any contract and was not owed by Plaintiffs.

35. Through the above-mentioned conduct, Defendant violated 15 U.S.C. § 1692f(1) by attempting to collect an amount from Plaintiffs, that was not expressly authorized by an agreement creating the alleged debt or permitted by law.

36. Through the above-mentioned conduct, Defendant used unfair or unconscionable means to collect, or attempt to collect, an alleged debt from Plaintiffs in violation of 15 U.S.C. § 1692f.

37. Through all the above-mentioned conduct, Defendant engaged in conduct the natural consequence of which is to harass, oppress, or abuse any person in violation of 15 U.S.C. § 1692d by placing inaccurate information on Plaintiffs'

credit reports and attempting to collect a debt from Plaintiffs that was not owed by Plaintiffs.

38. Through the above conduct, Defendant violated 15 U.S.C. § 1692e(2) by reporting the Account on Plaintiffs' credit reports, thereby creating a false impression of the character, amount, and legal status of the Account and the alleged debt purportedly owed by Plaintiffs to Defendant and/or Mr. Gulati.

39. Through the above conduct, Defendant violated 15 U.S.C. § 1692e(8) by communicating credit information related to Plaintiffs which Defendant knew, or should have known, to be false.

40. Through the above conduct, Defendant misrepresented the debt and gave a false impression of the character, amount, and legal status of the Account. In violation of 15 U.S.C. § 1692e.

41. As a result of Defendant's unfair, oppressive, and abusive conduct in connection with its debt collection activity, Plaintiffs have suffered an invasion of privacy, damage to her credit worthiness and credit score, and mental anguish by way of stress, anxiety, annoyance, fear, and feelings of despair over Defendant's attempt to collect a debt from Plaintiffs that was not owed, and its collection activities in violation of the FDCPA, as alleged in greater detail above.

## CAUSES OF ACTION

### COUNT I
### VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT
### 15 U.S.C. §§ 1692, ET SEQ.

42. Plaintiffs incorporate by reference all of the above paragraphs of this Complaint as though fully stated herein.

43. The foregoing acts and omissions constitute numerous and multiple violations of the FDCPA.

44. As a result of each and every violation of the FDCPA, Plaintiffs are each entitled to any actual damages pursuant to 15 U.S.C. § 1692k(a)(1); statutory

damages for a knowing or willful violation in the amount up to $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A); and reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1692k(a)(3) from Defendant.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs pray that judgment be entered against Defendant for:

- An award of actual damages, in an amount to be determined at trial, pursuant to 15 U.S.C. § 1692k(a)(1), against Defendant;
- An award of statutory damages of $1,000.00 to each of the Plaintiffs, pursuant to 15 U.S.C. § 1692k(a)(2)(A), against Defendant;
- An award of costs of litigation and reasonable attorney's fees, pursuant to 15 U.S.C. § 1692k(a)(3), against Defendant;
- Any and all other relief that this Court deems just and proper.

## TRIAL BY JURY

45. Plaintiffs are entitled to, and demand, a trial by jury on all issues so triable.

Respectfully submitted,

Dated: July 10, 2023            **KAZEROUNI LAW GROUP, APC**

By: *s/ Mona Amini*
David J. McGlothlin, Esq.
Mona Amini, Esq.
Gustavo Ponce, Esq.
*Attorneys for Plaintiffs*